■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAY OTTO HUTSON, Appellant.— The Public Defender of Albany County having withdrawn as attorney for defendant upon this appeal, Thomas W. Brown, Esq., 100 State Street, Albany, is assigned to represent appellant upon this appeal pursuant to section 722 of the County Law.— Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.

## (April 19, 1966)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RONALD K. CARTER, Appellant.— Motion for permission to proceed as a poor person granted. The appeal may be perfected upon one typewritten copy of the record and six typewritten copies of the brief. Arnold C. Peer, Esq., 504 Broadway, Troy, assigned to represent appellant upon this appeal pursuant to section 722 of the County Law.— Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.

■ In the Matter of GEORGE A. BERRY, Petitioner, v. ROBERT G. MAIN, as Justice of the Supreme Court, et al., Respondents.— Application for order to show cause denied. (See *Matter of Green* v. *La Vallee,* 9 A D 2d 857.) — Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.

## (April 29, 1966)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DONALD E. DE GROAT, Appellant, v. WALTER M. WALLACK, as Warden of Wallkill State Prison, Respondent.— MEMORANDUM BY THE COURT. Appeal from an order of the County Court of Ulster County entered July 22, 1963 dismissing a writ of habeas corpus after a hearing at which relator was represented by counsel of his choice. Order (judgment) affirmed, without costs. (See *People ex rel. Egitto* v. *Jackson,* 7 A D 2d 808, mot. for lv. to app. den. 5 N Y 2d 711, cert. den. 360 U. S. 906; *People ex rel. De Groat* v. *Wallack,* 14 A D 2d 477, mot. for lv. to app. den. 10 N Y 2d 708.) Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.

■ WESTON SCHWINGLE et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 40117.) — HERLIHY, J. Appeal from judgment dismissing a negligence claim. The claimant on November 7, 1960 at approximately 8:00 A.M. on a clear day, the road dry and bare, entered a two-lane blacktop surface bridge which was covered with a transparent sheet of ice; the automobile went into a spin, struck the bridge girder and the claimant was injured. The claimant charged negligence on the part of the State for failure to sand or salt the bridge floor and failing to have an appropriate warning sign. We find no reason to modify the principles expressed in *Knowles* v. *State* (20 A D 2d 738). We find it applicable to the present facts and accordingly it is controlling and decisive. Judgment affirmed, without costs. Gibson, P. J., Reynolds, Taylor and Aulisi, JJ., concur.